IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02488-GPG
(Removal from the County Court, Arapahoe County, Colorado Case No. 17c045915)

RG OPTIONS LLC,

 Plaintiff,

v.

DANIEL JUNIOR HUBBARD, and
MARGARET ANN HUBBARD,

 Defendants.

---

ORDER FOR SUMMARY REMAND

---

  Defendant, Daniel Junior Hubbard, acting *pro se*, initiated this action by filing a Notice of Removal (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (ECF No. 3). Mr. Hubbard seeks to remove to this Court of Case No. 17c045915, a state unlawful detainer proceeding filed by Plaintiff in the County Court, Arapahoe County, Colorado. The detainer proceeding seeks to remove Defendants from the property and grant judgment for possession against Defendants. (*See* ECF No. 2 at 1). In support of the Notice, Mr. Hubbard asserts that "this notice of removal deals primarily with not only federal question, diversity of citizenship but federal statute that all encompass the national emergency declared to exist since 1933 as a result of the emergency banking relief act of March 9 of that year." (ECF No. 1 at 2). Mr. Hubbard further asserts that he seeks to assert a counterclaim for adverse possession in the detainer proceeding. (*Id.* at 1-3).

The Court must construe the Notice of Removal liberally because Mr. Hubbard is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court finds that Mr.  Hubbard has not met his burden of establishing that this Court has subject matter jurisdiction over the case.

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).  "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  Removal is permitted only where the existence of a federal claim appears on the face of a well-pleaded complaint.  *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 & n. 2 (2002).  "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) (unpublished).

Mr. Hubbard fails to provide a short and plain statement of the grounds for removal, and he fails to demonstrate that the Court would have had subject matter jurisdiction over this action if it had been filed originally in federal court.  In the Notice, Mr. Hubard asserts that he seeks to remove the detainer proceeding based on (i) violations of the Ninth and Tenth Amendments of the Constitution and "the Uniform

Nonjudicial Foreclosure Act, the Federal Housing Act's, the Uniform Satisfaction of Mortgage Act, and the Special Emergency Provisions of the Banking Holiday Act Otherwise Known as the Emergency Economic Banking Relief Act of March 9, 1933;" and (ii) diversity jurisdiction. (ECF No. 1 at 5-6). With respect to federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, Mr. Hubbard asserts that he is a citizen of this state, and that Plaintiff is not a resident of Colorado. (*See* ECF No. 1 at 6-7). Diversity jurisdiction does not exist in this action since Mr. Hubbard is a resident of Colorado and the action was brought in Colorado State Court. *See* 28 U.S.C. § 1441(b).

There also is no support for removal based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. A review of the state court complaint initiated by Plaintiff reveals that the matters therein involve only state law, *i.e.,* an unlawful detainer proceeding seeking to recover possession of the property. This action does not contain a cause of action under the federal Fair Debt Collection Practices Act, nor does the complaint allege any other federal causes of action. Furthermore, except for narrow circumstances that do not appear to be present in this action, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *See Johnson,* 404 F.3d at 1245. Thus, any claims that Mr. Hubbard may raise in the state court action or any counterclaims pursuant to the Constitution, law, or treaties of the United States are not removable. Accordingly, Mr. Hubbard has not met his burden to establish federal subject matter jurisdiction over this civil action.

For these reasons, the Court finds that the Notice of Removal is deficient and that the Court lacks subject matter jurisdiction over the case. As a result, the instant

action will be remanded summarily to the state court.  *See* 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that this action is remanded summarily to the Arapahoe County Court.  It is

FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (ECF No. 3) is denied as moot.  It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this order to the Clerk of the Arapahoe County Court.

DATED at Denver, Colorado, this  24th  day of    October   , 2017.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court